# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA BECKMAN, *individually and on behalf of all others similarly situated*,<br><br>                Plaintiff,<br><br>   v.<br><br>WAL-MART STORES, INC., et al.,<br><br>                Defendants. | Case No. 17-cv-02249-BAS-BLM<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>**[ECF No. 10]** |

     Presently before the Court is Plaintiff Gina Beckman's Motion to Remand. (ECF No. 10.) On November 3, 2017, Defendants Wal-Mart Stores, Inc., Espresso Supply, Inc., and Eko Brands, LLC (collectively, "Defendants") removed this matter to federal court based on diversity jurisdiction under 28 U.S.C. §§ 1331, 1332, 1141(b), and 1441(c). Plaintiff argues that removal was untimely under 28 U.S.C. § 1446(b). (*Id.*)

     The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d)(1). For the following reasons, the Court finds removal was timely and **DENIES** Plaintiff's motion to remand this action to the San Diego Superior Court.

## I. BACKGROUND

On June 16, 2017, Plaintiff commenced this action in the San Diego Superior Court asserting claims for: (1) breach of implied warranty of merchantability; (2) breach of express warranty; (3) breach of implied warranty of fitness for a particular purpose; and (4) violation of the Business and Professions Code §§ 17200 *et seq.* and 17500 *et seq.* (ECF No. 10-1 ¶ 3.) Plaintiff named the following defendants: "Wal-Mart Stores, Inc." and "Brew & Save." (*Id.*) On June 20, 2017, Plaintiff personally served Defendant Wal-Mart Stores, Inc. ("Wal-Mart") with the initial complaint. (*Id.* ¶ 4.) Plaintiff also contends that "Defendant Brew & Save was personally served with the initial complaint . . . on or about July 5, 2017." (*Id.* ¶ 5.)

On August 1, 2017, David A. Lowe, counsel for Espresso Supply, Inc., notified Plaintiff's counsel that "Brew & Save had been erroneously sued because it [sic] Brew & Save is a brand, not a corporate entity." (ECF No. 10-1 ¶ 6.) Further, Mr. Lowe provided that "Eko Brands, LLC manufactures the Brew & Save Carafe Filters," and "Espresso Supply, Inc. is the parent company of Eko Brands, LLC." (*Id.*)

In an email to Plaintiff's counsel on that same day, Mr. Lowe summarized this telephone conversation, stating once more that "Eko Brands, LLC (wrongly named in the complaint as Brew & Save)" was the proper entity defendant to this suit. (ECF No. 10-1 at Ex. 1.) Additionally, Mr. Lowe informed Plaintiff's counsel that he would be contacting Wal-Mart to discuss his representation thereof. (*Id.*) About two weeks later, Mr. Lowe emailed Plaintiff's counsel and confirmed that he was now representing Wal-Mart. (*Id.* at Ex. 2.) Mr. Lowe also reiterated the agreement he had made with Plaintiff's counsel "to accept service on behalf of the proper named party, once the amendment was made, in exchange for an agreed upon period of answer for all Defendants." (*Id.*)

On September 7, 2017, Plaintiff mailed the First Amended Complaint ("FAC") to Mr. Lowe. The FAC named the following defendants: "Wal-Mart Stores, Inc.,"

"Espresso Supply, Inc.," "Eko Brands, LLC," and "Ekobrew." (*Id.* ¶ 11.) On September 27, 2017, Mr. Lowe notified Plaintiff's counsel indicating that he would not accept service. Specifically, Mr. Lowe stated: "We never indicated that Ekobrew was an entity or ever acquired," and suggested that Plaintiff "amend to correct the complaint, after which [he and his clients were] happy to discuss service on behalf of properly named entity defendants." (ECF No. 10-1 at Ex. 6.)

Instead of amending and re-serving a second amended complaint as Mr. Lowe suggested, Plaintiff's counsel served Defendants personally. The caption still included "Ekobrew" as a defendant. (*Id.* ¶ 15.) On September 28, 2017, Plaintiff served Wal-Mart by mail with the FAC. (ECF 10-1 ¶ 14.) On October 4, 2017, Plaintiff served Eko Brands, LLC ("Eko Brands") and Espresso Supply, Inc. ("Espresso Supply") personally with the FAC. (ECF No. 10-1 ¶ 15.)

On November 3, 2017 Defendants filed their Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1141(b) and 1441(c). (ECF No. 1.) On December 4, 2017, Plaintiff filed a Motion to Remand and Request for an Award of Costs and Attorneys' Fees. (ECF No. 10.)

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). A party must remove an action within thirty days and section 1446(b) provides when that thirty-day limitation begins to run. 28 U.S.C. § 1446(b).

Additionally, when a party removes a case under the Class Action Fairness Act ("CAFA"), there is an alternative thirty-day window for which the time limit begins to run once a defendant first ascertains that a case is removable. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2006).

## A. Removal of Civil Actions Under 28 U.S.C. § 1446(b)

In order for removal to be timely under section 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." § 1446(b)(1). The "thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Carvalho v. Equifax Info. Servs, LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (quoting *Harris v. Banker Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).

In a multi-defendant suit where parties are served at different times, the last served defendant timely removes a case if the notice of removal is filed thirty days after service, regardless of when the other parties were effectively served. § 1446(b)(2)(B).

## B. Removal of Class Actions Under the CAFA

CAFA states that any district court has original jurisdiction of an action if "the amount in controversy exceeds the sum or value of $5,000,000 . . . and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007); *see* 28 U.S.C. § 1332(d).

Removal of these class actions is governed by section 1446. 28 U.S.C. § 1453(b). However, removal under CAFA allows for a reading of sections 1441 and 1446 together, and "permit[s] a defendant to remove outside the two thirty-day periods on the basis of its own information . . . provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered." *Roth*, 720 F.3d at 1126. Therefore, a defendant may remove a class action at any point during the pendency of litigation in state court, so long as removal is initiated within thirty days

of when the defendant is put on notice that a case has become removable. *See Roth*, 720 F.3d at 1123; *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006).

## III. ANALYSIS

### A. Defendants' Timely Removal Under Section 1446(b)(1)

Plaintiff moves to remand this action to state court and alleges that Defendants failed to satisfy the timing requirements under section 1446(b). (ECF No. 10 at 6:15-16.) Plaintiff contends that the initial complaint sent exclusively to Wal-Mart on June 20, 2017 triggered the thirty-day time limit under section 1446(b)(1). (ECF No. 10 at 7:14-22.) Alternatively, Plaintiff argues that the time limit was triggered when its counsel mailed the FAC to Mr. Lowe on September 7, 2017. (ECF No. 10 at 6:23-27.) Defendant argues that service was not effective on either of the dates contended by Plaintiff, and rather, that proper service occurred on October 4, 2017 when the last defendants, Eko Brands and Espresso Supply, were served. (ECF No. 12 at 6:1-3.) The Court agrees with Defendants.

A defendant is limited to removing a case within thirty days of receiving an initial pleading if it is removable on its face. § 1446(b)(1). Each defendant in a multi-party proceeding has the opportunity to remove an action once it has been properly served. § 1446(b)(2)(B),(C); *see also Delfino v. Reiswig, et al.*, 630 F.3d 952, 956 (9th Cir. 2011) (upholding recent trends in case law favoring the later-served defendant rule).

Here, Mr. Lowe's acceptance of service was contingent upon Plaintiff naming the correct parties as defendants. (ECF No. 10 ¶ 9.) A defendant may make acceptance of service of a complaint conditional on plaintiff satisfying a prerequisite condition. *See Patriot Rail Corp. v. Sierra R. Co.*, No. 2:09-cv-0009 TLN AC, 2013 WL 3745231, at *6 (E.D. Cal. July 15, 2013) (conditioning counsel's acceptance of service of counterclaims upon defendant's agreement to allow an amended

complaint). If that condition is not satisfied, service of process is ineffective, and the thirty-day time limit does not begin to run. (*Id.*)

Plaintiff's counsel did not name the correct defendants because she included the nonexistent legal entity "Ekobrew." (ECF No. 12 at 6:22-23.) Although Plaintiff listed three of the correct defendants, Mr. Lowe was not authorized by Defendants to accept service because an incorrect defendant was named. Moreover, Mr. Lowe was not obligated to accept service on behalf of a legally nonexistent entity. Thus, service was ineffective on September 7, 2017. *See* Fed. R. Civ. P. 12(b)(5).

Plaintiff's counsel proceeded to serve Defendant Wal-Mart personally on September 28, 2017 and Defendants Eko Brands and Espresso Supply on October 4, 2017. Because each defendant has the opportunity to remove an action once it has been properly served, the final defendants served on October 4, 2013 had until November 3, 2017 to remove. *See* § 1446(b). Espresso Supply, Eko Brands, and Wal-Mart filed their notice of removal on November 3, 2017. (ECF No. 10 at 6:3-8.) Thus, removal was timely under section 1446(b)(1). *See* § 1446(b).

### B.   Defendants' Timely Removal Under the CAFA

Even if the thirty-day time limit began to run before October 4, 2017, Defendants timely removed the case under CAFA.

Removal under CAFA is similarly governed by section 1446(b), though the procedure for timely removal is not absolute. Effectively, CAFA provides that the thirty-day removal period may start at a later point: when removability is first ascertained. A plaintiff should not be able to delay or prevent removal by failing to include information necessary to ascertain removability under CAFA. *Roth*, 720 F.3d at 691. Thus, under the CAFA, a defendant who has not lost the right to remove may still do so if the removal is filed within thirty days after the defendant ascertains that the case is removable by means of its own research or outside sources. *See id.* at 1123; *Abrego*, 443 F.3d at 691; *see also* § 1453.

Here, neither party disputes that the first two elements of CAFA are met because the allegations in the initial complaint established minimal diversity and that the class of plaintiffs would exceed one hundred. (ECF No. 10 at 13:2-4.) Rather, Defendants contend that the third element, the amount in controversy, was not determinable on the face of the FAC, and Plaintiff disagrees. (ECF No. 12 at 4:10-5:25.)

The Court agrees with Defendants that the FAC did not clearly state the amount in controversy. Upon first receiving the FAC, Eko Brands, Espresso Supply, and Wal-Mart had to conduct their own inquiry into whether the amount in controversy exceeded $5,000,000 before seeking removal. (ECF No. 12 at 4:17-19.) Defendants assessed the sales volume of the disputed product and internally assessed the possible amount in controversy by using their own records. (*Id.* at 4:9-13.) Although these inquiries take time, Defendants state that they sped up the process and took a cautionary approach, filing their Notice of Removal within the statutorily allocated thirty days from service on Eko Brands and Espresso Supply. (*Id.* at 1:20-23.) Accordingly, the Court finds Defendants' removal was timely under both section 1446(b) and CAFA.

### C.  Plaintiff's Request for an Award of Costs and Attorneys' Fees

Plaintiff's request for attorneys' fees is denied because Defendants timely removed the case. Even if the Court granted the remand, Defendants had an objectively reasonable basis for removing this matter. *See* § 1447(c); *Dall v. Albertson's Inc.*, No. 08-55955, 2009 WL 3326427, at *1 (9th Cir. Oct. 16, 2009) (quoting *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005)).

## III. CONCLUSION

The Court **DENIES** Plaintiff's Motion to Remand. Accordingly, the Court denies Plaintiff's Request for an Award of Costs and Attorneys' Fees.

**IT IS SO ORDERED.**

DATED: February 26, 2018

Hon. Cynthia Bashant
United States District Judge