**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GINA BECKMAN, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., *et al.*,<br><br>Defendants. | Case No. 17-cv-02249-BAS-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 4]** |

Plaintiff Gina Beckman brings this putative class action lawsuit against Defendants Wal-Mart Stores, Inc. ("Wal-Mart"), Espresso Supply, Inc., Eko Brands, LLC, and Ekobrew (collectively, "Defendants") alleging that Defendants breached warranties and violated other California law related to a product they sold. She claims that the Brew & Save branded reusable coffee filter advertises on its label that it is compatible with all "Keurig® 1.0 and 2.0" machines when, in fact, it is not. Defendants now move to dismiss the First Amended Complaint (ECF No. 1-8 at 5-37) ("FAC"). (ECF No. 4.)

The Court finds this motion suitable for determination on the papers and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. (ECF No. 4.)

I.   **BACKGROUND**

Plaintiff's claims arise from her purchase of a "Brew & Save" branded reusable carafe cup ("Carafe Filter") for her Keurig 2.0 series coffee maker. (FAC ¶ 10.) Plaintiff purchased the Carafe Filter from a Wal-Mart store on or about May 22, 2017. (*Id.* ¶ 23.) The Carafe Filter advertises on its front label that it is "Keurig® 1.0 and 2.0 compatible." (*Id.* ¶ 25.) The back of the product label, which Plaintiff stated she read, states "Compatible with all brewers that accommodate a Keurig 2.0 style carafe cup." (*Id.* ¶¶ 25, 28.) The top of the packaging states "Keurig® 1.0 and 2.0 Compatible Carafe" and then lists the homepage of the Brew & Save's website. (*Id.* ¶ 25.) Plaintiff alleges that "[a]ccording to www.brewandsave.com, the Carafe Filter is compatible with most Keurig® and single serve brewers." (*Id.* ¶¶ 26, 56.) Plaintiff states that she purchased the Carafe Filter for her Keurig 2.0 machine because the packaging stated that the product was compatible with her Keurig coffee maker. (*Id.* ¶¶ 29, 32.)

The day after purchasing the Carafe Filter, Plaintiff attempted to use it, but received an error message when she inserted the product. (FAC ¶ 30.) Plaintiff alleges that this error message "indicated that the Carafe Filter was not designed for her Keurig®." (*Id.* (alleging that the "error message further instructed Plaintiff to try one of the hundreds of pods with the Keurig® logo").) She continued to receive the same error message despite trying to use the Carafe Filter multiple times. (*Id.* ¶ 31.) Plaintiff further alleges that many internet reviews of the Carafe Filter on Wal-Mart's website states that other consumers had the "same and/or similar issues." (*Id.* ¶ 34, at Ex. 1.)

1    On June 16, 2017, Plaintiff initiated this action in the San Diego Superior Court, and filed the FAC on September 7, 2017. In the FAC, Plaintiff asserts claims for: (1) breach of implied warranty of merchantability; (2) breach of express warranty; (3) breach of implied warranty of fitness for a particular purpose; and (4) violation of the California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.*, ("UCL") and the California False Advertising Act §§ 17500, *et seq.* (collectively, "Unfair Business Practices claim"). (ECF No. 1-8.) The FAC named the following defendants: Wal-Mart, "Espresso Supply, Inc.," "Eko Brands, LLC," and "Ekobrew." (*Id.* ¶ 11.) On November 3, 2017 Defendants removed this case to federal court. (ECF No. 1.)

## II.    LEGAL STANDARD

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Federal Rule of Civil Procedure 9(b) states that when alleging fraud, a party must "state with particularity the circumstances constituting fraud or mistake." Rule 9(b) requires the allegations to state the "who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). A party alleging fraud must "set forth *more* than the neutral facts necessary to identify the transaction." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (emphasis in original), superceded by statute on other grounds. When a party does not comply with these requirements, a court must dismiss for failure to state a claim. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1008 (9th Cir. 2009).

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id*. (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citations omitted). Thus, "[w]hen subject matter jurisdiction is challenged under the Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quoting *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).).

## III. DISCUSSION

### A. Motion to Strike

As an initial matter, in its reply, Defendants move to strike Plaintiff counsel's declaration submitted with Plaintiff's response to the motion to dismiss. (ECF No. 9 at 1-2.) It appears Defendants made this request because it believes the Court will consider the attorney's statements in lieu of or in addition to the allegations Plaintiff makes in her FAC. In light of the legal standard the Court is required to apply for this motion, this request is unnecessary, and, accordingly, is denied as moot.

### B. Standing for Injunctive Relief

Plaintiff seeks injunctive relief to enjoin Defendants from making the alleged misrepresentations regarding the compatibility of the Carafe Filter. (FAC at 17.) Defendants contend that Plaintiff lacks standing to seek injunctive relief. The Court finds that Plaintiff has failed to properly plead her claim for injunctive relief.

Article III of the Constitution limits the jurisdiction of the federal courts to actual "cases" and "controversies." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). Federal courts require plaintiffs to demonstrate three elements to establish that they have "standing" to sue: (1) "injury in fact" that is "concrete and particularized" and "actual and imminent"; (2) the injury must be fairly traceable to defendant's conduct; and (3) the injury can be redressed through adjudication. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Where a plaintiff seeks prospective injunctive relief, Article III has been interpreted to require the plaintiff to show "a sufficient likelihood that he [or she] will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). A plaintiff invoking federal jurisdiction must satisfy the standing requirements of Article III even if the plaintiff only asserts state law claims. *See Birdsong v. Apple. Inc.*, 590 F.3d 955, 960 n.4 (9th Cir. 2009).

Under the recent Ninth Circuit precedent, a plaintiff can allege that there is a likelihood of repetition for injunctive relief, even if the plaintiff makes other allegations about not purchasing the same product again. In *Davidson v. Kimberly-Clark Corporation*, the false advertising statements at issue related to bathroom wipes that were not "flushable" as advertised. 889 F.3d 956, 966-67 (9th Cir. 2018). The Ninth Circuit found that the consumer had standing to seek injunctive relief "even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Id.* at 969 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). The court reasoned that the plaintiff had Article III standing because, in part, she alleged a desire to purchase other "flushable" wipes from the defendant in the future if the wipes were truly "flushable." *Id.* at 966. Thus, the court found that the plaintiff "properly alleged that she faces a threat of imminent or actual harm by not being able to rely on [defendant]'s labels in the future, and that this harm is sufficient to confer standing to seek injunctive relief." *Id.* at 967. The Ninth Circuit concluded that "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.* at 969.

Here, though the law permits Plaintiff to allege standing for injunctive relief, she fails to do so. Plaintiff fails to include any allegations in the FAC to support a finding that her injury would be repeated. Tellingly, in her opposition, Plaintiff does not cite to any such allegations in support of her argument for standing. (ECF No. 7 at 13:16-18,); *see Davidson*, 873 F.3d at 1113 (describing that standing exists where a consumer makes "plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to" or that "she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved"). Because Plaintiff

fails to sufficiently plead standing for her requests of injunctive relief, the Court **GRANTS WITH LEAVE TO AMEND[1]** Defendants' motion to dismiss with respect to the claims for injunctive relief.

### C. Failure to State a Claim

Defendants argue that Plaintiff fails to state her claims because she does not plead her claims with sufficient particularity. Plaintiff disputes this argument and states that all of her claims are sufficiently pled.

#### i. First, Second, and Third Causes of Action Relating to Warranty

Plaintiff makes three breach of warranty claims that involve the same underlying allegations. Plaintiff's first cause of action alleges a breach of implied warranty of merchantability. (FAC ¶¶ 28-48 (alleging violations of California Civil Code § 1794(a) and California Commercial Code § 2314). Section 2314 states that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." *See Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013) ("Unless specific disclaimer methods are employed, an implied warranty of merchantability arises and accompanies every retail sale of consumer goods.") California Civil Code section 1794 permits a consumer to recover when she "is damaged by a failure to comply with any obligation under this chapter or under an implied or express warranty or service contract may bring an action for the recovery of damages and other legal and

---

[1] Defendants argue that leave to amend should not be granted because Plaintiff previously amended her complaint and because amendment would be futile. (*See* ECF No. 4 at 17.) It appears from the record that the previous amendment only related to naming the correct parties, and did not affect the allegations in the complaint. Additionally, the Court does not find that amendment would be futile at this point. Thus, in light of the liberal leave to amend standard, the Court finds it appropriate to grant in part Defendants' motion with leave to amend. *See Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (stating the well-established principle that a "court should freely give leave when justice so requires" and to apply this policy with "extreme liberality").

equitable relief." To allege a breach of implied warranty of merchantability, a plaintiff must show that the product "did not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc.*, 7 Cal. Rptr. 3d 546 (Cal. Ct. App. 2003). For this claim, Plaintiff alleges that the Carafe Filter had an implied warranty of merchantability that it would be compatible and operate with all Keurig 1.0 and 2.0 machines to brew coffee and that Defendants are merchants of these goods. (*See* FAC ¶¶ 41, 43.) Based on her experience, Plaintiff alleges that the Carafe Filter does not operate with Keurig machines in any way and this prevented any use of the product, including using the product to brew coffee. (*Id.*)

The second cause of action asserts a breach of express warranty under California Commercial Code section 2313. (*Id.* ¶¶ 49-62.) "In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 229 Cal. Rptr. 605, 608 (Ct. App. 1986); *see* Cal. Com. Code § 2313. Section 2313(1)(a) states that an express warranty is "any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." For this claim, Plaintiff alleges that (1) Defendants expressly warranted that the Carafe Filter was "Keurig® 1.0 and 2.0 compatible" as expressly stated on its packaging, (2) that she reasonably relied on these statements, and (3) that the product's incompatibility, which was a breach of the warranty, proximately caused Plaintiff to lose at least $9.92 because she could not use the product in her Keurig machine. (*See* FAC ¶¶ 28-33, 53, 56, 58.)

Plaintiff's third cause of action alleges a breach of implied warranty of fitness for a particular purpose under section 2315 of the California Commercial Code. (*Id.* ¶¶ 63-70.) Every retail product purchased in California has an implied warranty of fitness for its intended purpose by the seller. *See Williams v. Beechnut Nutrition*

1 *Corp.*, 229 Cal. Rptr. 605, 608 (Ct. App. 1986). The Court must determine that the
2 seller had reason to know "any particular purpose for which the goods are required
3 and that the buyer is relying on the seller's skill or judgment to select or furnish" a
4 suitable product. Cal. Com. Code § 2315.

> A "particular purpose" differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question.

*Mills v. Forestex Co.*, 108 Cal. App. 4th 625, 635 n. 4 (Cal. Ct. App. 2003) (quotations and citations omitted). Plaintiff alleges that Defendants knew that consumers, like Plaintiff, would rely on their specific compatibility statements and seek use the Carafe Filter in the Keurig 2.0 coffee machines because the Carafe Filter's packaging, and Brew & Save's website, expressly advertised the product for the specific purpose of using it in these specific machines. (FAC ¶¶ 36, 66-68.)

As an initial matter, these three causes of actions are basic breach of warranty claims, and do not sound in fraud. The underlying allegations for these claims also do not sound in fraud. Therefore, the Court will apply the pleading standing under Rule 8 to determine whether Plaintiff has provided enough facts and law to support her claims.

From the facts of this case, Plaintiff alleges that, on a particular date at a specific Wal-Mart store, she purchased the Carafe Filter. (FAC ¶ 23.) Before purchasing the product, Plaintiff alleges that she read the front and back product labels that stated, among other things, that it was compatible with Keurig 1.0 and 2.0 coffee machines and/or compatible with "all brewers that accommodate a Keurig 2.0 carafe cup." (*Id.* ¶¶ 25, 28.) Plaintiff also included three pictures of the labels of her exact product in the FAC. (*Id.* ¶ 25.) Plaintiff alleges that she relied on these statements when deciding to purchase the Carafe Filter because she believed the

Carafe Filter would be compatible with her "Keuring® 2.0" model. (*Id.* ¶¶ 29, 32.) Plaintiff further alleges that she inserted the product into her Keurig 2.0 coffee machine on multiple occasions, and received an error message each time, preventing her from ever using the product in any way. (*Id.* ¶¶ 30-31.) Lastly, Plaintiff alleges that she was damaged because the product did not function as advertised. (*Id.* ¶ 33.)

Based on these allegations, Plaintiff adequately pleads her warranty claims. As discussed above, accepting all factual allegations in the FAC as true, Plaintiff alleges that Defendants expressly and impliedly warranted that the Carafe Filter is compatible with Keurig 2.0 machines, such as the one used by Plaintiff. Plaintiff also expressly states that she relied on these warranties that the product would function with her machine in deciding to purchase the product. Lastly, Plaintiff pleads that she suffered damages when the product would not operate as intended and was useless for the purpose for which she purchased it.

Defendants argue that, even despite these allegations, Plaintiff has failed to provide enough allegations because she does not allege which specific model of Keurig 2.0 machines she used[2] and because she did not allege she followed the packaging instructions. (ECF No. 4 at 1, 4, 11, 13.) However, at this stage, such additional allegations are not needed. The Carafe Filter's packaging that Plaintiff relied on states that it is "Keurig 2.0 compatible" on the front and top labels and compatible with "all [Keurig 2.0 carafe cup] brewers" on the back label. (*Id.* ¶ 25.) These statements create the alleged warranties relating to the products' compatibility with all Keurig 1.0 and 2.0 machines. In other words, the warranties at issue in this

---

[2] Defendants attempt to refute Plaintiff's allegations by including consumer reviews from Walmart's website that allegedly show that other Carafe Filter purchasers successfully used the product. (ECF No. 4 at 7-5.) Though these reviews may be true (Plaintiff includes other reviews to the contrary), under Rule 12(b)(6), the Court is required to accept all factual allegations in the FAC as true, and thus does not consider these contrary consumer reviews when evaluating Plaintiff's claims. *See Cahill*, 80 F.3d at 337-38; (*see also* FAC ¶ 34, at Ex. 1.)

case do not make distinctions between Keurig 1.0 or 2.0 models.[3] And an allegation regarding which Keurig 2.0 model Plaintiff used is not necessary to state her claims.

Further, drawing all reasonable inferences in favor of Plaintiff, the Court can reasonably infer from the FAC that Plaintiff followed the instructions on the packaging, though Plaintiff does not specifically make this allegation. Plaintiff alleges that she inserted the Carafe Filter into her Keurig machine and received an error message to insert a compatible Keurig pod. (FAC ¶ 30.) It is reasonable to infer that, because the Keurig machine determined the product's incompatibility and displayed such an error message, Plaintiff had inserted the Carafe Filter correctly. Moreover, an allegation that Plaintiff followed the packaging instructions is not needed to state Plaintiff's claims. Regardless of whether Plaintiff followed instructions or not, if the Carafe Filter is not compatible with Plaintiff's Keurig machine as advertised, then Defendants breached its warranties.

Lastly, Defendants argue that Plaintiff has not alleged how she was damaged. However, Plaintiff alleges she purchased Defendants' product for $9.92, and the product did not work as advertised. (*See, e.g.*, ECF No. 4 at 10.) Thus, at bottom, Plaintiff alleges that she suffered monetary damages of at least $9.92 (FAC ¶¶ 24, 33), and this argument fails.

---

[3] Defendants cite to Brew and Save's website, which Plaintiff included in her FAC, to show that the product distinguishes between Keurig machines because the website states that the product is compatible with "most" Keurig machines and because the website includes a list of compatible machines. (ECF No. 4 at 3.) The website's representations are not relevant to the Court's analysis here because Plaintiff does not allege that she relied on those statements when purchasing the product. In fact, Plaintiff specifically does not state that she read or saw the website before purchasing the product and receiving the warranties. She only alleges that she reasonably relied on the representations on the product's label, which addresses all Keurig 2.0 models when purchasing the product. Defendants further argue that the back label's statement that the product is compatible with "all brewers that accommodate a Keurig 2.0 style *carafe* cup" created a distinction between Keurig 2.0 models. (*See id.*) Taking all the allegations in the complaint as true, including the other compatibility statements on the product's package, for the purposes of this motion, the Court does not find this distinction was incorporated into the warranties.

Accordingly, the Court **DENIES** the motion to dismiss for Plaintiff's first, second, and third causes of action.

### ii. Fourth Cause of Action for Unfair Business Practices

Plaintiff's Unfair Business Practices claim alleges that the Carafe Filter packaging makes false or misleading representations about the compatibility of the product with Keurig machines. Defendants argue that Rule 9(b) applies to this claim, and that Plaintiff has not pled her claim under this heightened pleading standard.

It is well-established that the heightened pleading standard under Rule 9(b) applies to claims under sections 17200 and 17500 *et seq.* of the California Business and Professional Code. *See, e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud," and fraud claims must include the "who, what, when, where, and how" of the fraudulent activity. *See Kearns*, 567 F.3d at 1125. "Without such specificity, defendants in [fraud] cases would be put to an unfair advantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing." *See Concha v. London,* 62 F.3d 1493, 1502 (9th Cir. 1995).

The Court finds that Plaintiff adequately pled her Unfair Business Practices claims. As discussed above, Plaintiff sufficiently pleads each of the "who, what, when, where, and how" requirements with specificity. Contrary to Defendants' arguments, Plaintiff does not need to identify which model of the Keurig 2.0 series she used with the Brew & Save product. Instead, alleging that she used a "Keurig® 2.0" series coffee machine is sufficient to state her claim because the representations on the Carafe Filter's label does not distinguish between specific Keurig 1.0 or 2.0 models. Defendant's argument that the Brew & Save's website makes a distinction between Keurig models also fails because Plaintiff's claim appears to only relate to

the Carafe Filter's packaging.[4] (FAC ¶ 25). Plaintiff does not state nor allege that she consulted anything other than the product's label before or after her purchase of the Carafe Filter at Wal-Mart. (FAC ¶¶ 28-29.) Additionally, as discussed above, Plaintiff's claim does not require her to allege that she followed the packaging instructions. Such information is irrelevant to a false advertising claim.

Therefore, the Court finds that Plaintiff sufficiently pled this claim by providing the "who, what, when, where, and how" elements. Accordingly, the Court **DENIES** the motion to dismiss for Plaintiff's Unfair Business Practices claim.

### D. Damages for Unfair Business Practices Claim

Lastly, Defendants seek to dismiss Plaintiff's request for nonrestitutionary disgorgement of profits and attorneys' fees for her Unfair Business Practices claim, which are brought pursuant to sections 17200 and 17500 *et seq.* of the California Business and Professional Code. Plaintiff does not dispute this argument.[5] The California Supreme Court has made it clear that these damages are unavailable for individual private actions under these statutes. *See Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 946 (Cal. 2003) (finding that only restitution is available

---

[4] The Court finds that incorporating the Brew & Save website (www.brewandsave.com) into the FAC by reference is appropriate here. Even if a document is not attached to the complaint, it may be incorporated by reference. *See* Fed. R. Civ. P. 10(c); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("[A document] may be incorporated by reference . . . if the plaintiff refers extensively to the document or if the document forms the basis of the plaintiff's claim"); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ("We hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."). Because Plaintiff directly refers to the Brew & Save website in the FAC (FAC ¶¶ 26, 43), and because neither party contests the authenticity of the website, the Court will incorporate the Brew & Save website into the FAC by reference.

[5] While addressing Defendants' insufficient pleading argument for her Unfair Business Practices claims, Plaintiff states that she has standing to seek "injunctive relief, disgorgement of profits and attorneys' fees" under sections 17200 et seq. and 17500 et seq. (ECF No. 7 at 20-21.) However, she does not provide any law or argument that these sections allow her to recover damages in the form of disgorgement of profits and attorney fees.

under the UCL for individual actions, specifically discussing that attorney fees and "nonrestitutionary disgorgement of profits" are not available remedies under the UCL); *Grisham v. Philip Morris U.S.A., Inc.*, 151 P.3d 1151, 1153 (Cal. 2007) (rejecting claims for "disgorgement of defendant's profits and other equitable remedies" because "[c]ompensatory damages are unavailable under" sections 17200 and 17500 *et seq.*); *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 675 n.7 (Cal. Ct. App. 2006).

Accordingly, the Court **GRANTS WITHOUT LEAVE TO AMEND** the motion to dismiss Plaintiff's request for these damages for her Unfair Business Practices claim.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is granted in part and denied in part. Specifically, the Court:

1. **GRANTS WITH LEAVE TO AMEND** the motion to dismiss Plaintiff's claims for injunctive relief;

2. **GRANTS WITHOUT LEAVE TO AMEND** the motion to dismiss Plaintiff's request for nonrestitutionary disgorgement of profits and attorneys' fees for the Unfair Business Practices claim; and

3. **DENIES** the motion to dismiss the remaining claims.

Accordingly, Plaintiff may file a Second Amended Complaint that only provides additional factual allegations relating to her request for injunctive relief **no later than June 19, 2018**. If Plaintiff does not file a Second Amended Complaint, Defendants must answer the First Amended Complaint **no later than June 29, 2018**.

IT IS SO ORDERED.

**DATED: June 5, 2018**

Hon. Cynthia Bashant
United States District Judge